UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
|  | **CIVIL ACTION NO:** |
| **The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8** | **COMPLAINT** |
| **Plaintiff** |  |
| vs. | RE:<br>97 6th Street, Old Town, ME 04468 |
| **Keith Kelley** |  |
| **Defendant** |  |
| **Mortgage Electronic Registration Systems, Inc.**<br>**Bank of America, N.A. f/k/a America`s Wholesale Lender** | Mortgage:<br>April 25, 2006<br>Book 10403, Page 198 |
| **Parties-In-Interest** |  |

NOW COMES the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Keith Kelley, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, in which the Defendant, Keith Kelley, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-One Thousand Five Hundred Twenty and 88/100 ($171,520.88) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8 is a corporation organized under the laws of the United States of America, with its principal place of business located at c/o Select Portfolio Servicing, Inc. 3217 S. Decker Lake Drive, Salt Lake City, UT 84119.

5. The Defendant, Keith Kelley, is a resident of Old Town, County of Penobscot and State of Maine.

6. The Party-in-Interest, Mortgage Electronic Registration Systems, Inc., is located at 1901 E Voorhees Street, Suite C, Danville, IL 61834.

7. The Party-in-Interest, Bank of America, N.A. f/k/a America`s Wholesale Lender, is located at 100 North Tryon Street, Suite 170, Charlotte, NC 28202.

## FACTS

8. On April 24, 2006, by virtue of a Warranty Deed from Justin E. Hennessey, which is recorded in the Penobscot County Registry of Deeds in **Book 10403, Page 196**, the property situated at 97 6th Street, County of Penobscot, and State of Maine, was conveyed to the Defendant, Keith Kelley, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On April 25, 2006, the Defendant, Keith Kelley, executed and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $93,620.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on April 25, 2006, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for America`s Wholesale Lender, securing the property located at 97 6th Street, Old Town, ME 04468 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10403**, **Page 198**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-8 by virtue of an Assignment of Mortgage dated August 15, 2010 and recorded in the Penobscot County Registry of Deeds in **Book 12574**, **Page 89**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was assigned to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-8 by virtue of a Corrective Assignment dated June 17, 2014 and recorded in the Penobscot County Registry of Deeds in **Book 13600**, **Page 15**. *See* Exhibit E (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

13. The Mortgage was assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8 by virtue of a Quitclaim Assignment dated June 19, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14844**, **Page 82**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On July 31, 2012, the Defendant, Keith Kelley, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $137,386.59 (herein after referred to as the "2012 Loan Modification"). *See* Exhibit G (a true and correct copy of the 2013 Loan Modification is attached hereto and incorporated herein)

15. On August 28, 2014, the Defendant, Keith Kelley, executed a second Home Affordable Modification Agreement which increased the principal amount of the Note to $151,829.79 and was recorded in the Penobscot County Registry of Deeds in **Book 13649, Page 5**. (herein after referred to as the "2014 Loan Modification"). *See* Exhibit H (a true and correct copy of the 2014 Loan Modification is attached hereto and incorporated herein)

16. On October 30, 2018, the Defendant, Keith Kelley, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Keith Kelley, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

18. The Defendant, Keith Kelley, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the lawful holder and owner of the Note and Mortgage.

21. Mortgage Electronic Registration Systems, Inc. as nominee for America`s Wholesale Lender is a Party-in-Interest pursuant to a Mortgage in the amount of $23,405.00 dated April 25, 2006, and recorded in the Penobscot County Registry of Deeds in **Book 10403**, **Page 216** and is in first position behind Plaintiff's Mortgage.

22. The total debt owed under the Note and Mortgage as of January 11, 2019 is One Hundred Seventy-One Thousand Five Hundred Twenty and 88/100 ($171,520.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $150,122.75 |
| Interest | $12,556.85 |
| Late Fees | $403.71 |
| Escrow Advance | $7,084.13 |
| Suspense Balance | $-229.02 |

| | |
|---|---|
| Recoverable Balance | $1,582.46 |
| Grand Total | $171,520.88 |

23. Upon information and belief, the Defendant, Keith Kelley, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

24. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related Mortgage and title located at 97 6th Street, Old Town, County of Penobscot, and State of Maine. *See* Exhibit A.

26. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, has the right to foreclosure upon the subject property.

27. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Keith Kelley, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of January 11, 2019 is One Hundred Seventy-One Thousand Five Hundred Twenty and 88/100 ($171,520.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $150,122.75 |
| Interest | $12,556.85 |
| Late Fees | $403.71 |
| Escrow Advance | $7,084.13 |
| Suspense Balance | $-229.02 |
| Recoverable Balance | $1,582.46 |
| Grand Total | $171,520.88 |

30. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Keith Kelley, on October 30, 2018, evidenced by the Certificate of Mailing. *See* Exhibit I.

33. The Defendant, Keith Kelley, is not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

35. On April 25, 2006, the Defendant, Keith Kelley, executed and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $93,620.00. *See* Exhibit B.

36. The Defendant, Keith Kelley, is in default for failure to properly tender the August 1, 2016 payment and all subsequent payments. *See* Exhibit I.

37. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Keith Kelley.

38. The Defendant, Keith Kelley, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

39. The Defendant Keith Kelley's breach is knowing, willful, and continuing.

40. The Defendant Keith Kelley's breach has caused Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of January 11, 2019, if no payments are made, is One Hundred Seventy-One Thousand Five Hundred Twenty and 88/100 ($171,520.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $150,122.75 |
| Interest | $12,556.85 |
| Late Fees | $403.71 |
| Escrow Advance | $7,084.13 |
| Suspense Balance | $-229.02 |
| Recoverable Balance | $1,582.46 |
| Grand Total | $171,520.88 |

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, the Defendant, Keith Kelley, entered into a written contract with Countrywide Home Loans, Inc. who agreed to loan the amount of $93,620.00 to the Defendant. *See* Exhibit B.

45. As part of this contract and transaction, the Defendant, Keith Kelley, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

47. The Defendant, Keith Kelley, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2016 payment and all subsequent payments. *See* Exhibit I.

48. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Keith Kelley.

49. The Defendant, Keith Kelley, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

50. The Defendant, Keith Kelley, is indebted to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8 in the sum of One Hundred Seventy-One Thousand Five

Hundred Twenty and 88/100 ($171,520.88) Dollars, for money lent by the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, to the Defendant.

51. Defendant Keith Kelley's breach is knowing, willful, and continuing.

52. Defendant Keith Kelley's breach has caused Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of January 11, 2019, if no payments are made, is One Hundred Seventy-One Thousand Five Hundred Twenty and 88/100 ($171,520.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $150,122.75 |
| Interest | $12,556.85 |
| Late Fees | $403.71 |
| Escrow Advance | $7,084.13 |
| Suspense Balance | $-229.02 |
| Recoverable Balance | $1,582.46 |
| Grand Total | $171,520.88 |

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

### COUNT IV – QUANTUM MERUIT

55. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

56. Countrywide Home Loans, Inc., predecessor-in-interest to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, loaned Defendant, Keith Kelley, $93,620.00. *See* Exhibit B.

57. The Defendant, Keith Kelley, is in default for failure to properly tender the August 1, 2016 payment and all subsequent payments. *See* Exhibit I.

58. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Keith Kelley, should be required to compensate the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8.

59. As such, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

60. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

61. Countrywide Home Loans, Inc., predecessor-in-interest to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, loaned the Defendant, Keith Kelley, $93,620.00. *See* Exhibit B.

62. The Defendant, Keith Kelley, has failed to repay the loan obligation.

63. As a result, the Defendant, Keith Kelley, has been unjustly enriched to the detriment of the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8 as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, upon the expiration of the period of redemption;

c) Find that the Defendant, Keith Kelley, is in breach of the Note by failing to make payment due as of August 1, 2016, and all subsequent payments;

d) Find that the Defendant, Keith Kelley, is in breach of the Mortgage by failing to make payment due as of August 1, 2016, and all subsequent payments;

e) Find that the Defendant, Keith Kelley, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Keith Kelley, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2016 and all subsequent payments;

g)  Find that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, Keith Kelley has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, to restitution;

j)  Find that the Defendant, Keith Kelley, is liable to the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, for money had and received;

k)  Find that the Defendant, Keith Kelley, is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, Keith Kelley, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Keith Kelley, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, is entitled to restitution for this benefit from the Defendant, Keith Kelley;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Keith Kelley, and in favor of the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8, in the amount of One Hundred Seventy-One Thousand Five Hundred Twenty and 88/100 ($171,520.88) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-8,
By its attorneys,

Dated: January 3, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670